**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-00041-MOC-DCK**

| | | |
|---|---|---|
| **ANTHONY PARKER,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **ORDER AND** |
| | ) | **RECOMMENDATION** |
| **THOMAS & BETTS CORPORATION;** | ) | |
| **LARRY HUINKER; ROXANNE BLISS;** | ) | |
| **JAMES SCOTT,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

      **THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Dismiss Plaintiff's Complaint" (Document No. 9) filed March 7, 2017, and "Plaintiff's Motion To Amend Complaint" (Document No. 14) filed March 21, 2017. These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions, the record, and applicable authority, the undersigned will <u>grant</u> the motion to amend, and recommend that the pending motion to dismiss be <u>denied</u> as moot.

**STANDARD OF REVIEW**

      Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading **or 21 days after service of a motion under Rule 12(b)**, (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1) (emphasis added). Rule 15 further provides:

**(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

*Pro se* Plaintiff has filed for leave to amend within twenty-one (21) days of service of Defendants' Rule 12(b) motion (Document No. 9). Pursuant to Fed.R.Civ.P. 15(a)(1)(B), the Court will allow Plaintiff to file an Amended Complaint which will supersede the original Complaint. Furthermore, the undersigned will respectfully recommend that "Defendants' Motion To Dismiss Plaintiff's Complaint" (Document No. 9) be denied as moot. This recommendation is without prejudice to Defendants filing a renewed motion to dismiss the Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by

Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case.")); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Amend Complaint" (Document No. 14) is **GRANTED**.[1]  Plaintiff shall file an Amended Complaint on or before **April 3, 2017**.  Plaintiff's Amended Complaint should comply with the requirements of Fed.R.Civ.P. 8, and should attach any relevant EEOC documents including any underlying Charge of Discrimination and Notice of Right to Sue.

**IT IS RESPECTFULLY RECOMMENDED** that "Defendants' Motion To Dismiss Plaintiff's Complaint" (Document No. 9) be **DENIED WITHOUT PREJUDICE**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service

---

[1]  The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that:  "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV.  If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**SO ORDERED AND RECOMMENDED**.

Signed: March 23, 2017

David C. Keesler
United States Magistrate Judge