**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-041-MOC-DCK**

| | |
|---|---|
| ANTHONY PARKER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THOMAS & BETTS CORPORATION, )<br>)<br>Defendant. )<br>) | MEMORANDUM AND<br>RECOMMENDATION |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 22). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted in part and denied in part</u>.

### I. BACKGROUND

According to the Amended Complaint, Defendant Thomas & Betts Corporation ("Defendant") interviewed Anthony Parker ("Plaintiff" or "Parker") in July 2016 for the position of plant manager, but then offered him a lower position as a 1st shift supervisor. (Document No. 20, p.3). Defendant hired Plaintiff as a 1st shift supervisor on August 16, 2016. <u>Id.</u>

In October 2016, Defendant hired a new white male plant manager who did not have a college degree. <u>Id.</u> Also in October 2016, Plaintiff contends that he twice reported harassing treatment by the 2nd shift supervisor of a same sex couple; and Plaintiff made an ethics complaint against the new plant manager and the 2nd shift supervisor for making "racial comments" during a meeting. (Document No. 20, p.4).

Plaintiff further asserts that he was harassed when the plant manager falsely accused him of entering the women's bathroom on November 4, 2016, and that a co-worker, Barbra Holdren, made a "racial comment" on November 11, 2016.  Id.  Plaintiff contends that he was terminated on November 15, 2016, "supposedly for harassing Barbara Holdren (White Female, over 40) who was not in her assigned work area on November 11, 2016."  Id.

Plaintiff filed a "Charge Of Discrimination" (the "Charge") with the U.S. Equal Employment Opportunity Commission (the "EEOC") on November 16, 2016, alleging discrimination based on race and age, and retaliation, that took place on November 15, 2016. (Document No. 20-1, p.32).  Plaintiff acknowledges in the Charge the reason provided by Defendant for his discharge was "complaints from employees about my management style."  Id. The Charge further states that Plaintiff had objected to management issuing disciplinary action to a same-sex couple, but not similar discipline to a heterosexual couple for the same conduct.  Id.

The EEOC issued its "Dismissal And Notice Of Rights" on January 24, 2017, finding that it was unable to conclude that there had been a violation of the statutes, and informing Plaintiff he could file a lawsuit pursuant to Title VII within 90 days.  (Document No. 20-1, p.31).

Plaintiff, appearing *pro se*, initiated this lawsuit with the filing of a "Complaint" (Document No. 1) on January 31, 2017.  Defendants filed a motion to dismiss on March 7, 2017; and then Plaintiff filed a timely motion to amend the complaint on March 21, 2017.  (Document Nos. 9 and 14).  "Plaintiffs' Motion For Summary Judgment" (Document No. 15) was also filed on March 21, 2017.

On March 23, 2017, the undersigned issued an "Order And Recommendation" allowing Plaintiff's request to amend the Complaint by April 3, 2017, and recommending that the motion to dismiss be denied without prejudice.  (Document No. 17).

Plaintiff's "Amended "Complaint" (Document No. 20) was mailed by Plaintiff on March 31, 2017, and docketed by the Court on April 4, 2017.  See (Document No. 20, p.16; Document No. 25-1, pp.10-12).  Under the circumstances of this case, the Court will accept the Amended Complaint as timely filed.

The Amended Complaint asserts that the nature of the action "is a civil rights action against the Defendant for denial of Plant Managers job, wrongful employment termination, and retaliation." (Document No. 20, p.2).  Specifically, Plaintiff asserts the following counts against Defendant:  (1) violation of Title VII, Civil Rights Act of 1964;  (2) age discrimination;  (3) retaliation;  (4) violation of "North Carolina Discrimination Law" pursuant to N.C.Gen.Stat. § 95-241;  (5) violation of "Employment at Will Doctrine" pursuant to N.C.Gen.Stat. § 143-422.2;  and (6) violation of "Thomas & Betts Corp., Company Policy."  (Document No. 20, pp.5-15).

"Defendant's Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 22) was filed on April 17, 2017.  Defendant seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(1) and (6). (Document No. 22).  The Court issued a Roseboro Notice on April 18, 2017, advising Plaintiff that he had a right to respond to the pending motion, and that failure to file a timely and persuasive response would likely lead to dismissal of this lawsuit.  (Document No. 24).

Instead of filing a direct response to the pending motion, Plaintiff filed a "…Response To Roseboro Order…" (Document No. 25) and a "Motion To Strike Defendants Motion To Dismiss…" (Document No. 26) on April 25, 2017.  The Court will liberally construe *pro se* Plaintiff's filings together as his response in opposition to the motion to dismiss.  "Defendant's . . . Reply In Support of Thomas & Betts' Motion To Dismiss" (Document No. 27) was filed on May 2, 2017.

The pending motion to dismiss is now ripe for review and a recommendation to the Honorable Max O. Cogburn, Jr.

## II. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

Although district courts must liberally construe *pro se* complaints, courts cannot act as the *pro se* plaintiff's advocate and cannot develop claims which the plaintiff failed to clearly raise on the face of her complaint. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). As a result, even a *pro se* plaintiff's basis for relief "requires more than labels and conclusions...." Twombly, 550 U.S. at 555. Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003). "In light of Twombly and Bass, conclusory statements with insufficient factual allegations, even when asserted by pro se plaintiffs, will simply not suffice."

5

Douglas v. US Airways Grp., Inc., 3:10-CV-042-MOC, 2011 WL 1769747, at *3 (W.D.N.C. May 9, 2011).

### III. DISCUSSION

Defendant Thomas & Betts Corporation contends that all of Plaintiff's claims should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) and/or 12(b)(6). (Document No. 22). Unfortunately, Defendant's briefing does not follow the claims as presented in the Amended Complaint. Nevertheless, the undersigned will attempt to address the parties' main arguments for and against dismissal and organize the discussion as the claims are stated in the Amended Complaint.

**A. Timeliness of Amended Complaint**

Defendant first argues, before addressing any specific claims, that the Amended Complaint should be dismissed in its entirety because it was not timely filed by April 3, 2017. (Document No. 22-1, p.9). Plaintiff suggests that the Court should then reconsider and grant Defendants' first motion to dismiss the original Complaint. Id. However, the Court already ordered the filing of the Amended Complaint and recommended that the first motion to dismiss be denied. (Document No. 17). Moreover, certain claims and parties have already been dropped from this case based on Plaintiff's amendment. (Document No. 20).

As noted above, the Court will accept *pro se* Plaintiff's Amended Complaint mailed on March 31, 2017, with an expected delivery date of April 3, 2017, and ultimately docketed on April 4, 2017 – as timely filed. See (Document No. 25-1, pp.10-11). Simply put, the undersigned finds that Defendant's first argument is inconsistent with the Court's view of efficient administration of justice and judicial economy in this case.

**B. Count 1 - Civil rights Act of 1964, Title VII**

1. Failure to Hire / Harassment

Plaintiff's first claim, liberally construed, suggests claims under Title VII for discrimination based on race, age, failure to hire, harassment, and/or hostile work environment.

Defendant argues that Plaintiff's claims for failure to hire and harassment should be dismissed because Plaintiff failed to exhaust his administrative remedies. (Document No. 22-1, pp.10-12). Defendant notes that there "is absolutely no mention in Plaintiff's Charge of any failure to hire Plaintiff as the Plant Manager, or of any alleged harassment." Id. (citing Document No. 10-3). Moreover, the Charge states that November 15, 2016 – Plaintiff's date of termination – as the earliest and latest date of alleged discrimination. (Document No. 22-1, p.11); see also (Document No. 20-1, p.32).

Defendant argues that since failure to hire and harassment are outside the scope of the Charge, Plaintiff has failed to exhaust administrative remedies as to those claims. (Document No. 22-1, p.10) (citing Miles v. Dell, Inc., 429 F.3d 480, 491-92 (4th Cir. 2005). Defendant contends that the Charge's allegations concerning retaliation and discharge are not sufficient to exhaust remedies with respect to other types of discrimination, including failure to hire and harassment. Id. (citing Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996) (holding that EEOC Charge containing allegations of disparate treatment – failure to promote – was not sufficient with respect to claims for harassment and different type of disparate treatment – discriminatory pay) and Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005) ("A claim will also typically be barred if the administrative charge alleges one type of discrimination – such as discriminatory failure to promote – and the claim encompasses another type – such as discrimination in pay and benefits.")).

In addition, Defendant argues that the date or dates selected set the scope of the Charge. (Document No. 22-1, p.11) (citing Govan v. Caterpillar, Inc., 899 F.Supp.2d 445, 457 (D.S.C. 2012) and Givens v. Vigeant, 2013 WL 3457038, at *7 (D.S.C. July 9, 2013)).

Defendant concludes that Plaintiff's failure to exhaust his administrative remedies as to claims for failure to hire and harassment pursuant to the ADEA and Title VII deprives this Court of subject matter jurisdiction over those claims and compels dismissal pursuant to Fed.R.Civ.P. 12(b)(1). Id. (citing Jonves v. Calvert Group, Ltd., 551 F.3d 297 300-01 (4th Cir. 2009)).

In response, Plaintiff asserts minimal opposition to Defendant's initial argument that claims for failure to hire and harassment should be dismissed. See (Document Nos. 25, 25-1, and 26). Plaintiff seems to suggest that because he filed an internal complaint with Defendant's ethics department he has exhausted his administrative remedies. (Document No. 25-1, p.5). However, Plaintiff declines to address Defendant's argument that the EEOC Charge required more to support his claims, or that the Charge's alleged date of discrimination is inconsistent with a failure to hire claim or any on-going harassment. (Document No. 25-1).

The undersigned finds that the scope of Plaintiff's Title VII claims is indeed constrained by the allegations in the Charge. As this Court has previously noted

> the Court of Appeals for the Fourth Circuit reiterated that "federal courts lack subject matter jurisdiction over Title VII claims for which a plaintiff has failed to exhaust administrative remedies." Id. at 406. Further, the appellate court held, as follows:
>
> > In any subsequent lawsuit alleging unlawful employment practices under Title VII, a federal court may only consider those allegations included in the EEOC charge.
> > . . .
> > In determining what claims a plaintiff properly alleged before the EEOC, we may look only to the charge filed with that agency.

8

Yan Dong v. BASF Corp., 3:11-CV-00605-MOC, 2013 WL 3410340, at *6-7 (W.D.N.C. July 8, 2013), aff'd, 549 Fed. Appx. 220 (4th Cir. 2014) (quoting Balas v. Huntington Ingalls Industries, Inc., 711 F.3d 401, 407-08 (4th Cir. 2013)). Looking to the Charge here, Plaintiff alleges that he was discriminated against based on his race (African American) and age (58), and terminated in retaliation for "object[ing] to management issuing disciplinary action to a same-sex couple but did not similarly discipline a heterosexual couple for the same conduct." (Document No. 20-1, p.32).

As such, and to the extent the Complaint even attempts to assert claims for failure to hire or harassment (or hostile work environment), the undersigned finds that such claims were not properly alleged before the EEOC and thus this Court lacks jurisdiction over such claims. The undersigned will recommend that any claims for failure to hire, harassment, and/or hostile work environment purportedly included in Count 1 be dismissed. At most, the allegations asserted in the Charge address claims for discrimination based on age and race, and retaliation. See (Document No. 20-1, p.32).

The real crux of the Charge and the Amended Complaint is that Plaintiff was wrongfully terminated from his employment. (Document No. 20; Document No. 20-1, 32). Plaintiff's claim(s) under Title VII in Count 1 of his Amended Complaint are not clearly identified, nor has Plaintiff provided sufficient factual content to support plausible claims. (Document No. 20, pp.5-7).

2. Race

The only statements regarding race under Count 1 of the Amended Complaint are that: "Barbara Holdren made racial comment Plaintiff was over 75 years old and black don't crack," and the 2nd shift supervisor made a daily statement – "I adopted a black child so I am not prejudice."

9

(Document No. 20, pp.6-7).[1] Elsewhere, the Amended Complaint contends that the Plaintiff made an ethics complaint because the new white Plant Manager and 2nd shift supervisor made "racial comments, during manpower meeting in conference room," that Defendant bought a new desk for a younger white male 2nd shift supervisor, and that after his termination Plaintiff was replaced by a "less qualified younger white male as 1st shift supervisor." (Document No. 20, p.4).

> Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race...." 42 U.S.C. § 2000e–2(a)(1). To establish a *prima facie* case of discriminatory discharge, plaintiff must show: (1) he is a member of a protected class; (2) he was discharged; (3) he was performing his job duties at a level that met his employer's legitimate expectations at the time of the adverse employment action; and (4) the discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination.

Jones v. Dole Food Co., Inc., 3:10-CV-292-MOC, 827 F. Supp. 2d 532, 546–47 (W.D.N.C. 2011), aff'd, 473 Fed. Appx. 270 (4th Cir. 2012) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). If the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to show that there were legitimate, non-discriminatory reasons for the employment decisions. If an employer satisfies that requirement, the burden then shifts back to the plaintiff to show that the employer's proffered reasons are false and a pretext to conceal intentional unlawful discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

There is no dispute that Plaintiff is a member of a protected class, and that he was discharged, thus satisfying the first two elements of a Title VII racial discrimination claim. As to the third element, Plaintiff acknowledges that he "must show by a preponderance of the evidence that he met the employer's legitimate job expectation[s]." (Document No. 20, p.7). Plaintiff then

---

[1] The Amended Complaint raises age discrimination and retaliation as separate counts, and the Court will address those claims separately below. (Document No. 20, pp.7-10).

notes that he "had not received unacceptable performance reviews prior to New Plant Manager." Id. The Amended Complaint contends that Plaintiff was hired on August 16, 2016, and the new plant manager was hired in October 2016; as such, Plaintiff seems to contend that he did not receive an "unacceptable performance review" for the first 8-10 weeks of his employment. Plaintiff does not allege – or describe any evidence – that he ever received a positive performance review or that he was "performing his job duties at a level that met his employer's legitimate expectations *at the time of the adverse employment action*," on or about November 15, 2016.

In fact, the Amended Complaint states that Plaintiff was "[t]erminated on November 15, 2016, supposedly for harassing, Barbara Holdren," and for "poor job performance," and the Charge states that the reason he was given for discharge was "complaints from employees about my management style." (Document No. 20, pp.4, 8); (Document No. 20-1, p.32).

The Amended Complaint does not allege that Plaintiff was meeting his employer's reasonable expectations at the time of the adverse employment action – termination; moreover, Plaintiff declines to assert that Defendant's proffered reasons for termination are false and a pretext to conceal intentional unlawful discrimination. (Document No. 20; Documents No. 25-1).

Based on the foregoing, the undersigned will recommend that Count 1 of the Amended Complaint, including any claimed discrimination based on Plaintiff's race, be dismissed. Even viewing the Amended Complaint in the most favorable light, it does not provide adequate factual content to support a plausible claim, and does not even allege all the elements of a Title VII claim based on race.

**C. Count 2 - Age Discrimination**

The Amended Complaint's second count asserts a claim for age discrimination also citing Title VII. (Document No. 20, pp.7-8). Plaintiff's only allegation in support of his claim is that he

11

was replaced as 1st shift supervisor by a younger white male who was allegedly less qualified. (Document No. 20, p.8).

> In the absence of direct evidence, a plaintiff may make out a *prima face* case of age discrimination by establishing: that [he] (1) is a member of a protected class; (2) suffered an adverse employment action; (3) was performing h[is] job duties at a level that met the employer's legitimate expectations; and (4) the position remained open or was filled by a similarly qualified applicant outside the protected class. Darnell v. Tyson Foods, Inc., 536 F. App'x 366, 369 (4th Cir.2013) (citation omitted).

Mitchell v. Convergys Corp., 3:15-CV-035-MOC-DCK, 2015 WL 6392950, at *5 (W.D.N.C. Sept. 28, 2015), adopted by Mitchell v. Ivey, 2015 WL 6440837 (W.D.N.C. Oct. 22, 2015).

Defendant argues that "Plaintiff cannot make a *prima facie* case for age or race discrimination because he simply has not alleged satisfactory job performance, and he cannot allege that he was meeting Thomas & Betts' legitimate expectations." (Document No. 22-1, p.18). Defendant contends that instead, Plaintiff has admitted he was fired for harassment of a co-worker and poor job performance. Id. (citing Document No. 20, ¶¶ 17, 37). In addition, Defendant contends that an employee survey and results offered by Plaintiff further supports his admission that he was fired for poor performance – which is fatal to his claims for race or age discrimination, because these admissions and facts establish that he was not performing satisfactorily and that Defendant had a legitimate non-discriminatory basis to terminate his employment. Id. See also (Document No. 20-1, pp.5-7)

In response, Plaintiff's only statement addressing Defendant's argument is that "[i]f Plaintiff's performance was so poor why wait till after the 90-day probationary period ended [to terminate him]." (Document No. 25-1, p.7). Plaintiff does not actually argue that he *did* meet the legitimate expectations of his employer, or assert any facts suggesting that he was discriminated against based on his age. Id.

12

The undersigned again finds that Plaintiff has failed to adequately plead or support one of the critical elements of a claim. Although the undersigned would not characterize Plaintiff's statements as an admission that he was terminated for inappropriate or poor performance, he certainly has not alleged that he met his employer's legitimate expectations. Moreover, he has not alleged any factual content to support a plausible claim of age discrimination. The undersigned is not persuaded that Plaintiff's termination on day 92 of his employment, instead of a few days sooner, provides any basis for inferring that he was meeting his employer's expectations.

Based on the foregoing, the undersigned will recommend that Plaintiff's age discrimination claim be dismissed.

**D. Count 3 - Retaliation**

Plaintiff's third claim asserts that he was terminated in retaliation for filing ethics complaints pursuant to Defendant's policies. (Document No. 20, pp.9-10). Plaintiff contends that he twice reported allegedly harassing treatment by the 2nd shift supervisor of a same sex couple in October 2016; and that on or about October 31, 2016, he made another complaint concerning the plant manager and 2nd shift supervisor regarding alleged "racial comments." (Document No. 20, p.9). Plaintiff notes that he was fired within about two weeks of filing the latter ethics complaint. Id.

Plaintiff concludes that his termination was an adverse employment action taken in retaliation for his complaints. Id.

> To establish a prima facie case of unlawful retaliation, plaintiff must prove three elements: (1) that he engaged in a protected activity; (2) that an adverse employment action was taken against him; and (3) that there was a causal link between the protected activity and the adverse employment action. EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 406 (4th Cir. 2005), cert. denied, 547 U.S. 1041, 126 S.Ct. 1629, 164 L.Ed.2d 335 (2006).

Jones v. Dole Food Co., Inc., 827 F. Supp. 2d 532, 554 (W.D.N.C. 2011), aff'd, 473 Fed. Appx. 270 (4th Cir. 2012)

In moving to dismiss this claim as a matter of law, Defendant argues that Plaintiff "cannot demonstrate a causal link between the purported protected activity and his termination." (Document No. 22-1, p.14). Defendant further argues that complaints regarding alleged treatment of a same-sex couple do not amount to protected activity under Title VII. (Document No. 22-1, pp.14-15). And, Defendant re-asserts that the actual reason for Plaintiff's termination was his harassment of a co-worker and poor job performance. (Document No. 22-1, p.14).

In response, Plaintiff focuses on the point that he also "filed internal racial complaint to the ABB ethic department with no resolution," then ten (10) days later was he was fired. (Document No. 25-1, pp.6-7). Plaintiff effectively suggests in his response that the temporal proximity of his race-based internal ethics complaint and his termination is enough to support a plausible claim at this stage of the litigation. Id.

Defendant's reply fails to shed any additional light on this issue. (Document No. 27).

The undersigned finds that this issue presents a close call. Viewing the Complaint in the light most favorable to Plaintiff, and noting that "[c]lose temporal proximity between the first two elements has been held to satisfy the third element," the undersigned will recommend that the motion to dismiss be denied as to Plaintiff's claim for retaliation under Title VII. McKoy v. Charlotte-Mecklenburg Schools, 3:10-CV-494-MOC, 2011 WL 1869958, at *7 (W.D.N.C. May 16, 2011). The Court is persuaded that Plaintiff has barely alleged sufficient factual support for this claim – where he was terminated within two (2) weeks of filing an ethics complaint against the plant manager and 2nd shift supervisor.

The undersigned suggests that this denial be without prejudice to Defendant re-asserting a similar argument, following discovery, in a motion for summary judgment.

**E.  Count [4]  -  North Carolina Discrimination Law**

Next, the Amended Complaint includes a count under the heading "North Carolina Discrimination Law." (Document No. 20, pp.10-12). Here, Plaintiff essentially re-asserts a string of his allegations against Defendant along with multiple cites to the North Carolina Retaliatory Employment Discrimination Act ("REDA"), N.C. Gen. Stat § 95-241.  Id.

N.C. Gen. Stat. § 95-241 provides in part:

> (a) No person shall discriminate or take any retaliatory action against an employee because the employee in good faith does or threatens to do any of the following:
>
> (1) File a claim or complaint, initiate any inquiry, investigation, inspection, proceeding or other action, or testify or provide information to any person with respect to any of the following: . . .

N.C. Gen. Stat § 95-241 (a)(1).

To state a claim under REDA, a plaintiff must show that "(1) he exercised his right to engage in a protected activity, such as filing a workers' compensation claim;  (2) he suffered an adverse employment action,  and (3) a causal connection exists between the exercise of the protected activity and the alleged retaliatory action." Spears v. Water & Sewage Auth. of Cabarrus Cty., 2017 WL 2275011, at *10 (M.D.N.C. May 24, 2017) (quoting Smith v. Computer Task Grp., Inc., 568 F.Supp.2d 603, 613 (M.D.N.C. 2008)).

Defendant contends that "Plaintiff does not, and in fact cannot, allege that he filed such a claim or participated in such an investigation prior to his discharge." (Document No. 22-1, p.19). Defendant notes that this Court has held that "REDA 'prohibits employer retaliation against employees who engage in protected activity **by filing claims under several enumerated state**

15

**statutes concerning employment practices** or cooperating with investigations pursuant to claims filed by other employees.'" Id. (quoting Webb v. K.R. Drenth Trucking, Inc., 780 F. Supp. 2d 409, 413 (W.D.N.C. 2011)) (emphasis added). Defendant notes that this Court then listed relevant North Carolina General Statutes. Id.

In response, Plaintiff seems to ignore Defendant's argument, and his own complaint, regarding a purported claim under REDA. See (Document No. 25-1, p.7). Plaintiff, however, does state that "Defendant forgot Plaintiff made an ethics complaint not resolved while employed." Id.

It does not appear that Plaintiff has alleged he engaged in a protected activity by filing a claim under any specific state statute. (Document No. 20, pp.10-11). However, as discussed above, the Amended Complaint does allege that Plaintiff filed 2-3 "ethics complaints" with his employer. Plaintiff alleges that these complaints were ignored, and that they ultimately were the basis for Defendant's retaliatory termination.

Although there may well be a fatal deficiency to Plaintiff's REDA claim, because it is quite early in this litigation, and because the undersigned is recommending that the Title VII retaliation claim be allowed to proceed for now, the undersigned will also recommend that dismissal of Plaintiff's REDA claim be denied without prejudice.

**F. Count 5 - Employment at Will Doctrine**

In his fifth count, Plaintiff attempts to assert a claim pursuant to the North Carolina Equal Employment Practices Act ("EEPA"), N.C. Gen. Stat. §143.422.2. (Document No. 20, pp. 12-14). Plaintiff contends that "an employee is wrongfully discharged when the termination is against and explicit, well-established public policy of the state." (Document No. 20, p.12). Plaintiff then notes that the EEPA's legislative declaration provides that "[i]t is the public policy of this State to protect

16

and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees." Id. (quoting N.C. Gen. Stat. § 143-422.2).

The pending motion asserts that Plaintiff is attempting to recast his harassment, discrimination, and retaliation claims for wrongful discharge as violation of the public policy of North Carolina. (Document No. 22-1, p.20). Defendant first argues that "the EEPA 'does not express a public policy concerning harassment failure to promote or retaliation.'" Id. (quoting Chung v. BNR, Inc./N. Telecom, Inc., 16 F.Supp. d 632, 634 (E.D.N.C. 1997) ("These allegations do not implicate the public policy concerns articulated in N.C. Gen. Stat. § 143–422."))

In addition, Defendant argues that

> while courts have recognized claims for wrongful discharge where an individual's employment is terminated for one of the reasons enumerated in the EEPA, including age and race, those claims are analyzed under the same framework as claims brought under Title VII and the ADEA. *See Henson v. Liggett Grp., Inc.*, 61 F.3d 270, 277 (4th Cir. 1995) ("Because plaintiff relies upon the same evidence to support her state law claim for age discrimination under the EEPA, as she did in the ADEA context, the district court correctly granted summary judgment to Liggett on Henson's state law claim."); *Piedi v. T-Mobile USA, Inc.*, 2012 WL 3018366, at *5 (W.D.N.C. July 24, 2012) ("The elements of proving racial discrimination are the same under Title VII and the NCEEPA."). As discussed above, Plaintiff cannot state claims for discrimination under Title VII or the ADEA. Because the EEPA follows the analytical framework of Title VII and the ADEA, Plaintiff's discrimination claims brought pursuant to the EEPA should likewise be dismissed.

(Document No. 22-1, p.20).

Defendant concludes that the EEPA does not cover Plaintiff's claims for retaliation or harassment, and that his claims for age and race discrimination fail under the same analytical framework applied above; therefore, Plaintiff's EEPA claim must be dismissed.

17

In response, Plaintiff fails to address Defendant's arguments or cited authority. (Document No. 25-1, p.7). Instead, Plaintiff seems to re-assert that he has established a retaliation claim under the EEPA based on a July 28, 2016 decision by then Governor Pat McCrory that "restores the right of employees to bring wrongful discharge claims for employment discrimination based on public policy." Id.

The undersigned finds Defendant's argument and authority most persuasive. It does not appear that Plaintiff grasps Defendant's argument that the EEPA does not cover retaliation, and that Plaintiff's other discrimination claims fail for the reasons discussed above. See Foxx v. Town of Fletcher, 1:07CV336, 2008 WL 927543, at *10 (W.D.N.C. Apr. 3, 2008) citing Dewitt v. Mecklenburg County, 73 F.Supp.2d 589, 604-05 (W.D.N.C.1999) (quoting Mullis v. Mechanics & Farmers Bank, 994 F.Supp. 680, 688 (M.D.N.C.1997); and Chung v. BNR, Inc./Northern Telecom. Inc., 16 F.Supp.2d 632, 634 (E.D.N.C.1997).

Based on the foregoing, the undersigned will recommend that Plaintiff's claim pursuant to N.C. Gen. Stat. §143.422.2 be dismissed.

### G. Count 6 - Thomas & Betts Corp., Company Policy

The final count of the Amended Complaint asserts that "Thomas & Betts Corp., never issued determination of ethics complaint before or after Plaintiff was terminated. Defendant deviated from company policy by not following procedure to investigate discrimination." (Document No. 20, p.14).

Defendant construes Count 6 as a claim for breach of contract. (Document No. 22-1, p.21). Defendant then argues that under North Carolina law, in order for policies in a company handbook to become a contract between employer and employee, the handbook must be expressly included in an otherwise valid contract between the parties. Id. (citing Walker v. Westinghouse Elec. Corp.,

335 S.E.2d 79, 83-84 (N.C. Ct. App. 1985) ("Nevertheless, the law of North Carolina is clear that unilaterally promulgated employment manuals or policies do not become part of the employment contract unless expressly included in it.") and Salt v. Applied Analytical, Inc., 412 S.E.2d 97, 99 (N.C. Ct. App. 1991)).

Defendant concludes that "Thomas & Betts' Handbook was not expressly included in any contract between Plaintiff and Thomas & Betts, as the parties had no contract." (Document No. 22-1, p.22). Therefore, Defendant seeks dismissal of Plaintiff's claim for a violation of company policy and/or the company's handbook.

Plaintiff fails to assert any meaningful or helpful response regarding Count 6. See (Document No. 25-1, p.8).

For the reasons stated by Defendant, the undersigned will respectfully recommend that Count 6 and/or any claim for breach of contract be dismissed.

## H. Plaintiff's Motion For Summary Judgment

Based on the foregoing, the undersigned will also recommend that "Plaintiffs' Motion For Summary Judgment" (Document No. 15) be denied as moot. Plaintiff's motion seeks summary judgment on claims that he has since amended. Moreover, the undersigned finds that the motion is premature and would best be filed following final disposition of the pending motion to dismiss, and after a dispositive motions deadline set by the Court in a case management plan.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 22) be **GRANTED** in part and **DENIED** in part, as described herein. In short, dismissal of Plaintiff's

retaliation claim should be denied at this stage, and the dismissal of all other claims should be granted.

**IT IS FURTHER RECOMMENDED** that "Plaintiffs' Motion For Summary Judgment" (Document No. 15) be **DENIED AS MOOT**.

### V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: September 7, 2017

David C. Keesler
United States Magistrate Judge