UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-41-MOC-DSC

| ANTHONY PARKER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THOMAS & BETTS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation (#33) issued in this case. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28 U.S.C. § 636(b)(1)(c). No objections have been filed within the time allowed. However, the court notes that the *pro se* plaintiff obtained counsel and filed an amended complaint the same day as the Memorandum and Recommendation was filed.

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings

1

and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law as it relates to the original complaint. However, given that the *pro se* plaintiff obtained counsel and filed a second amended complaint shortly thereafter, the interests of justice require the court to deny the Memorandum and Recommendation (#33) without prejudice in order to allow for a response to the newly amended complaint.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#33) is **DENIED without prejudice** and plaintiff's Motion for Leave to Amend Complaint (#34) is **GRANTED**. Defendant shall either answer the Second Amended Complaint (#34-1) within 14 days or move to dismiss it.

Signed: September 26, 2017



Max O. Cogburn Jr.
United States District Judge